IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **SKYLAR M. HARRIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Civil Action No. 5:11cv041 |
| v. | ) |
| | ) |
| **MICHAEL J. ASTRUE,** | ) By:  Michael F. Urbanski |
| **Commissioner of Social Security,** | )        United States District Judge |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM OPINION**

      This social security disability appeal is before the court for review of the Report and Recommendation issued in this case by the magistrate judge on November 23, 2011, in which it is recommended that this matter be reversed and that final judgment be entered in favor of the plaintiff. The Commissioner has filed an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b). For the reasons set forth below, the court finds the Commissioner's objection to the Report and Recommendation to be well-taken and further finds it prudent to remand this matter to the Commissioner for further consideration. As such, the recommendation that the Commissioner's decision be reversed will be rejected and an Order remanding the case to the Commissioner for further consideration will be entered.

**I.**

      Plaintiff Skylar M. Harris, was born in 1991 with cerebral palsy; she also suffers from a seizure disorder. As a result of her disability, Harris is eligible to receive benefits pursuant to the Virginia Birth-Related Neurological Injury Compensation Act, Virginia Code § 38.2-5009. The Act provides that individuals such as Harris are entitled to receive loss-of-earnings payments

from age 18 through age 65 (hereinafter referred to as "Virginia Compensation Benefits").  Va. Code Ann. § 38.2-5009(A)(2).  By order dated November 19, 2009 entered in the Circuit Court for the County of Augusta, Harris' parents, Christopher S. Harris and Sandra A. Harris, were appointed co-guardians and co-conservators for their daughter, who was deemed to be an incapacitated person.  On the same date, the Skylar Marshall Harris Irrevocable OBRA[1] Trust was established.  Harris was designated as trust beneficiary and her parents the trustees.  The trust would be funded by the Virginia Compensation Benefits; payments were to be deposited into a bank account titled in the names of Christopher S. Harris and Sandra A. Harris and held in trust for plaintiff.

Plaintiff submitted applications for disability insurance benefits (DIB) and supplemental security income (SSI) on October 1, 2009, alleging disability onset at birth.  Because Harris had never worked, her application for DIB was denied, but her application for SSI was granted, effective as of the filing date of October 1, 2009.  However, the Social Security Administration determined that as of Harris' eighteenth birthday, when she began receiving Virginia Compensation Benefits payments, she exceeded the resource limitations for SSI.  Harris appealed the decision to an Administrative Law Judge ("ALJ"), and a hearing was held on July 1, 2010.  In his decision, the ALJ determined that "Congress obviously intended that individuals with disability who put their assets in a properly established special needs trust would remain eligible for Medicaid and SSI benefits," and he declined "to construe the statutory provision in a manner that thwarts the intent of Congress and renders the trust exceptions essentially meaningless."  (R. 21.)  As such, the ALJ held that the Virginia Compensation Benefits deposited into Harris' trust account were excludable resources for purposes of SSI.

---

[1] The trust was designed to conform to the Omnibus Budget Reconciliation Act of 1993, which amended 42 U.S.C. § 1396p and established rules for treating trusts for purposes of Medicaid eligibility.  (See R. 14 n.2.)

The Appeals Council, however, disagreed. It reopened and vacated the ALJ's decision with respect to Harris' eligibility to receive SSI benefits, finding Harris exceeded the resource limitations due to her Virginia Compensation Benefits payments. The Appeals Council's decision became the final decision of the Commissioner, and this appeal followed.

This matter was referred to the magistrate judge for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment and supporting memoranda and the magistrate judge issued his Report and Recommendation on November 23, 2011. The magistrate judge concluded that the Virginia Compensation Benefits that Harris receives are excludable from consideration as income for purposes of calculating SSI benefits and disagreed with the Commissioner's interpretation of the Administration's Program Operations Manual System ("POMS"). The Commissioner filed an objection to the Report and Recommendation. The Commissioner agrees with much of the magistrate judge's analysis as regards the special needs trust but disagrees with his analysis concerning the applicable POMS. Specifically, the Commissioner contends that the magistrate judge skipped the first step of the analysis and erroneously concluded that the Virginia Compensation Benefits payments are excludable from consideration as income for purposes of SSI. Having reviewed this issue de novo[2] and read the relevant portions of the record, the court agrees that the magistrate judge failed to analyze properly the applicable POMS.

---

[2] Pursuant to 28 U.S.C. § 636(b)(1), the "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Federal Rule of Civil Procedure 72(b) provides the parties with an opportunity to file written objections to the proposed findings and recommendations and provides that the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

## II.

The issue to be resolved is whether the Virginia Compensation Benefits deposited into Harris' trust account are excludable from consideration as income for purposes of SSI. The parties agree that the provisions of 42 U.S.C. § 1396p concerning the treatment of trusts generally with respect to an individual's resources do not apply to special needs trusts. See id. at §§ 1396p(d)(3), (d)(4); see also id. at §§ 1382b (e)(3), (e)(5) (referencing § 1396p(d)(4)). The parties further agree that the trust at issue qualifies as a special needs trust pursuant to 42 U.S.C. § 1396p(d)(4)(A). The magistrate judge correctly reasoned under Wong v. Doar, 571 F.3d 247 (2d Cir. 2009), that because Congress did not speak specifically to how special needs trusts should be treated for purposes of assessing SSI eligibility, the court must look to the agency's POMS to fill in the gap left by Congress. The applicability and interpretation of those POMS are what are in dispute.

The magistrate judge looked solely to POMS SI 01120.200G.1.d,[3] which states:

> A legally assignable payment (see SI 01120.200G.1.c. for what is **not** assignable), that is assigned to a trust/trustee, is income for SSI purposes **unless** the assignment is irrevocable. For example, child support or alimony payments paid directly to a trust/trustee as a result of a court order, are not income. If the assignment is revocable, the payment is income to the individual legally entitled to receive it.[4]

The magistrate judge concluded that the Commissioner erred in relying on the language in the November 2009 order appointing Harris' parents as her co-guardians and co-conservators to find that the assignment of the Virginia Compensation Benefits payments to the trust was revocable.

---

[3] The POMS can be found on the agency website at https://secure.ssa.gov/apps10/poms.nsf/lnx/0501120200#g. POMS Section SI 01120.200 applies to trusts not subject to § 1613(e) of the Social Security Act [42 U.S.C. § 1382b(e)]. Special needs trusts such as the one at issue here are not subject to § 1613(e). See 42 U.S.C. § 1382b(e)(5). Thus, Section SI 01120.200 governs this analysis.

[4] Emphasis in original.

But as the Commissioner points out in his objection, the magistrate judge skipped the first step of the analysis, which is determining whether the Virginia Compensation Benefits payments are in fact even assignable by law.

POMS SI 01120.200G.1.b provides that "[a]dditions to trust principal made directly to the trust[5] are not income to the grantor, trustee or beneficiary." It further provides that exceptions to this rule are listed in SI 01120.200G.1.c and SI 01120.200G.1.d. POMS SI 01120.200G.1.c states that:

> Certain payments are non-assignable by law and, therefore, are income to the individual entitled to receive the payment under regular income rules. They may not be paid directly into a trust, but individuals may attempt to structure trusts so that it appears that they are so paid. Non-assignable payments include:
>
> - Temporary Assistance to Needy Families (TANF)/Aid to Families with Dependent Children (AFDC);
> - Railroad Retirement Board-administered pensions;
> - Veterans pensions and assistance;
> - Federal employee retirement payments (CSRS, FERS) administered by the Office of Personnel Management;
> - Social Security title II and SSI payments; and
> - Private pensions under the Employee Retirement Income Security Act (ERISA) (29 U.S.C.A. section 1056(d)).

It appears from the language of the Virginia Birth-Related Neurological Injury Compensation Act that the benefits at issue may be non-assignable by law and thus would be considered income attributable to Harris pursuant to SI 01120.200G.1.c. Virginia Code § 38.2-5009(A)(2) specifically states that "[t]he provisions of § 65.2-531 shall apply to any benefit awarded under this subdivision." Virginia Code § 65.2-531 provides: "No claim for compensation under this title shall be assignable."

---

[5] It is not entirely clear whether the Virginia Compensation Benefits payments at issue are "made directly to the trust." The court need not reach the issue at this time, however; it will be presumed for purposes of this analysis that the benefits are indeed made directly to the trust. This is an issue to be resolved on remand.

5

The magistrate judge does not address the assignability issue and focuses his analysis solely on whether any assignment to the trust is revocable, pursuant to POMS SI 01120.200G.1.d. In fact, the Appeals Council failed to address the assignability issue as well. Citing to SI 01120.200G.1.d, the Appeals Council held that "[a] legally assignable payment that is assigned to a trust, is income for supplemental security income purposes unless the assignment is irrevocable." (R. 8.) The Appeals Council found that the Virginia Compensation Benefits payments in this case were not irrevocably assigned and thus are countable as income for SSI purposes. But in so doing, it presumed without first determining whether the benefits payments are assignable.

Because the Appeals Council did not consider whether the Virginia Compensation Benefits payments are assignable before determining whether any assignment is irrevocable, the court cannot find that the Commissioner's decision is supported by substantial evidence. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966) (judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions). As such, the court believes it prudent to remand this case to the Commissioner for consideration of whether the Virginia Compensation Benefits are "[a]dditions to the trust principal made directly to the trust" pursuant to SI 01120.200G.1.b and, if so, whether the payments are non-assignable pursuant to SI 01120.200G.1.c.

### III.

The court cannot agree with the magistrate judge that reversal is appropriate here. Accordingly, an Order will be entered rejecting the recommendation that this case be reversed

and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration as set forth above.

        Entered: September 27, 2012

        */s/ Michael F. Urbanski*

        Michael F. Urbanski
        United States District Judge